LE ROY RIDDELL, Respondent, *v.* PETER CORNELL, Appellant.

*Possession under a parol contract for the sale of land, and payment, as a defense in ejectment — evidence as to the agreed purchase price.*

In an action of ejectment tried before a referee, in which the defendant claimed a right to the possession of the premises by virtue of a parol contract, sale and payment of the agreed purchase price, the referee found that the parol contract to sell the land to the defendant was made, but that the evidence did not show what price was agreed upon, and stated that consequently it was not necessary to make a finding as to the state of the accounts between the parties.

*Held,* that the evidence did establish the price agreed upon in the parol contract to be paid by the defendant for the premises, and hence that the state of the accounts between the parties was material, as bearing upon the question as to whether the plaintiff had been paid for the land, and should have been determined.

APPEAL by the defendant, Peter Cornell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Steuben county on the 17th day of May, 1892, upon the report of a referee.

The action was in ejectment. The defendant claimed to be entitled to possession by virtue of a parol contract of sale and the payment of the purchase price.

*Eli Soule*, for the appellant.

*A. M. Burrell*, for the respondent.

HAIGHT, J. :

This action is in ejectment to recover the possession of real property from the defendant. The premises in question consist of about five acres of land on which there was a stone quarry. It formerly constituted part of a farm of which one George Riddell held a contract of purchase from the then owners. George Riddell and the plaintiff were copartners, doing business under the name and style of George Riddell & Co. The contract for the purchase of the farm was taken in the name of George for the benefit of the firm and the purchase money therefor was paid by the firm. Subsequently George Riddell assigned his interest in the contract to the plaintiff and thereupon the premises were conveyed to him in accordance with the provisions of the contract. The referee has found as facts, " That the said George Riddell, while he held said contract of purchase for himself and for said firm and with the approval of the plaintiff, made a parol contract with the defendant, by which he agreed to sell to the defendant and the defendant agreed to purchase the lands described in the complaint, but for what price it does not appear, and is not shown by the evidence given on the trial of this action. Hence I find that the defendant has not paid the sum to be paid by said parol contract of sale to him. That defendant since said parol contract of sale to him was made, and at the time of the commencement of this action was in possession of said premises under the same, and by the consent, license and authority of said George Riddell and this plaintiff." The defendant requested the referee to find as a fact " that George Riddell agreed to sell the land described in the complaint to the defendant, for three hundred dollars." This request was refused by the referee, and to such refusal and to the finding as made on that subject, exceptions were duly taken. It appears to us that these exceptions were well taken ; that the request was in accordance with the conceded facts in the case and should have been found, and that the finding that it does not appear and is not shown by the evidence given upon the trial, what price was to be paid for the land, is against the evidence.

The plaintiff himself testified upon his direct examination that " In March, 1874, the defendant came to the drug store and said he wanted to buy the stone quarry, George talked with him and told him he would let him have it for three hundred dollars. Defendant said he did not want a written contract, that he had debts. George told him he would let him have the five acres for three hundred dollars, he to pay interest on it until paid for. Defendant said he would take it. That is the same land described in the complaint."

The testimony of the plaintiff as to the contract is the same as that alleged in the defendant's answer with the exception that he alleges that the $300 was to be paid in stone.

The defendant was not permitted to testify as to the conversation had with George Riddell because of his death. He, however, showed by a number of witnesses the declaration of George to the effect that he had sold the defendant the quarry lot, and that he was to receive his pay therefor in stone ; that the payment in stone was part of the agreement has been found by the referee.

The referee in his opinion refers to the testimony so given by the plaintiff and states that " A contract price nowhere appears except in the testimony of the plaintiff and it there appears as a price to be paid for three acres of the quarry, while the declarations of George Riddell relate to five acres and it was five acres that he reserved as having been sold to the defendant. Then the defendant had the possession and worked the five acres and by direction of George Riddell the five acres were assessed to the defendant and he paid the taxes on the five acres and fenced it. Then the defendant denies that any such conversation as the plaintiff testified to took place." The referee has mistaken the evidence in this regard. The plaintiff nowhere speaks of three acres, but, instead thereof, he said he would let him have *the five acres* for $300, and that it was the same land described in the complaint. The defendant did not deny that any such conversation as testified to by the plaintiff ever took place. They differed, it is true, as to the question whether the $300 was to be paid in stone or not. The plaintiff had testified that the conversation took place at the drug store. The defendant, when asked to state whether he made the bargain " at the place stated," answered that no such conversation *took place at the store.* We do not understand that he denied that he had a conversation with George in

which George agreed to sell him the stone-quarry lot consisting of five acres, and that he was to pay therefor $300, for such was the conversation as he has alleged it in his answer.

The referee further states in his opinion that he is unable to see how it could be found from the evidence what was the contract price to be paid by the defendant for the quarry. And consequently it is not necessary for him to make a finding as to the state of the accounts between the parties. Of course, if the amount that was to be paid for the land could not be ascertained, then it would not be necessary to ascertain the state of the accounts, but if, as we have shown, the contract price was $300, then the state of the accounts becomes material as bearing upon the question whether the plaintiff has been paid in full for the land or any part thereof. The question of payment was the main one litigated upon the trial. Much evidence was taken as bearing upon that issue, and it should have been determined.

The judgment is reversed and a new trial ordered, costs to abide the event.

DWIGHT, P. J., LEWIS and MACOMBER, JJ., concurred.

Judgment appealed from reversed and new trial granted, costs to abide the event.